## Speece v. City of Lebanon Parking Authority

*Andrew L. Silberman,* for petitioner.
*Allen H. Krause,* for respondent.

GATES, P. J., April 9, 1974.—We have before us defendant's preliminary objections to plaintiff's petition for the appointment of the board of view. On January 5, 1973, Lois Speece filed a petition with us under the provisions of section 502 of the Eminent Domain Code of June 22, 1964, Sp. Sess. P. L. 84, as amended, 26 PS §1-502, requesting the appointment of viewers to assess special damages for displacement in accordance with section 601-A of the Eminent Domain Code of June 22, 1964, as amended, 26 PS §1-601A.

The basis of defendant's argument is two-fold. Defendant first argues that plaintiff is not a "condemnee" entitled to compensation under the provisions of the Eminent Domain Code of 1964. Defendant's second argument addresses itself to the unconstitutionality of article VI-A, which was added to the Eminent Domain Code of 1964 by the Act of December 29, 1971, P. L. 635 (No. 169), sec. 8, et seq.

Defendant's constitutional argument is not properly before us, and we will not consider it. In the first place, it was not raised in the preliminary objections. Secondly, the procedural requirement dictated by Pennsylvania Rule of Civil Procedure 235 had not been complied with. An act of the General Assembly ought never be pitted in combat with the Constitution unless manifestly necessary and all procedural steps preliminary thereto properly taken. That has not been done in this case, and we shall not entertain the argument.

Defendant's second argument is that plaintiff is not a condemnee under the Eminent Domain Code and in light of case law decided under the Eminent Domain Code. However, none of the cases cited in defendant's

brief dealt with the 1971 amendment to the Eminent Domain Code, supra.

In order to maximize the State's participation in available Federal moneys emanating from the enactment by the United States Congress of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1971, Pub. L. 91-646, Title I, enacted January 2, 1971, 84 Stat. 1894, 42 U.S.C. §4601, et seq., the General Assembly of the Commonwealth of Pennsylvania amended the Eminent Domain Code by allowing, inter alia, the payment of special damages to persons defined as "displaced persons." Section 201(8) 26 PS §1-201(8), defines displaced persons as "any condemnee or other person." By the act it is further provided in section 601-A that displaced persons shall be entitled to the damages enumerated therein. Furthermore, it is plain from the Congressional Statement of Policy in adopting the Uniform Relocation Assistance and Real Property Acquisition Policies for Federal and Federally Assisted Programs, as well as the definition of "displaced persons," that any person who moves or moves his personal property as a result of the acquisition of real estate for a program or project as to which the acquiring agency has the authority to exercise the power of eminent domain is entitled to damages as set forth in the amendment to the 1964 Pennsylvania Eminent Domain Code.

That "displaced persons" includes persons other than those who fall within the traditional concept of "condemnees" is butressed by the provisions of section 603-A, which specifically authorizes payments for replacement housing for tenants and others.

We conclude that plaintiff has presented a proper petition for the appointment of viewers to determine damages in the first instance. The petition discloses

411

that she was a tenant in an apartment acquired for demolition for public parking purposes by the Lebanon Parking Authority. Under the circumstances, she may be entitled to damages as set forth in section 601-A of the Eminent Domain Code, as amended. Consequently, there is no merit in the preliminary objections.

## ORDER

And now, to wit, April 9, 1974, the preliminary objections to plaintiff's petition for the appointment of viewers are dismissed.